UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JANICE C.,

                                                                                                                            <u>DECISION AND ORDER</u>

                            Plaintiff,

                                                                                                                           20-CV-1882L

                v.

KILOLO KIJAKAZI,
Acting Commissioner of Social Security,

                            Defendant.
_____

       Plaintiff appeals from a denial of disability benefits by the Commissioner of Social Security ("the Commissioner"). The action is one brought pursuant to 42 U.S.C. § 405(g) to review the Commissioner's final determination.

       On September 2, 2016, plaintiff, then fifty-three years old, filed applications for a period of disability and disability insurance benefits, as well as supplemental security income benefits, alleging an inability to work since July 27, 2016. Her application was initially denied. Plaintiff requested a hearing, which was held on March 21, 2019 via videoconference before Administrative Law Judge ("ALJ") Stephen Cordovani. (Administrative Transcript, Dkt. #9 at 96). The ALJ issued a decision on July 7, 2018, concluding that plaintiff was not disabled under the Social Security Act. (Dkt. #9 at 96-108). That decision became the final decision of the Commissioner when the Appeals Council denied review on October 29, 2020. (Dkt. #9 at 1-3). Plaintiff now appeals.

       The plaintiff has moved for judgment remanding the matter for further proceedings (Dkt. #14), and the Commissioner has cross moved for judgment on the pleadings (Dkt. #15), pursuant

to Fed. R. Civ. Proc. 12(c). For the reasons set forth below, the plaintiff's motion is granted, the Commissioner's cross motion is denied, and the matter is remanded for further proceedings, in the manner and to the extent described below.

## DISCUSSION

### I. Relevant Standards

Determination of whether a claimant is disabled within the meaning of the Social Security Act requires a five-step sequential evaluation, familiarity with which is presumed. *See Bowen v. City of New York*, 476 U.S. 467, 470-71 (1986). The Commissioner's decision that a plaintiff is not disabled must be affirmed if it is supported by substantial evidence, and if the ALJ applied the correct legal standards. *See* 42 U.S.C. § 405(g); *Machadio v. Apfel*, 276 F.3d 103, 108 (2d Cir. 2002).

### II. The ALJ's Decision

Here, the ALJ found that the plaintiff has the following severe impairments, not meeting or equaling a listed impairment: coronary artery disease, chronic systolic congestive heart failure, ischemic cardiomyopathy (weakening of the heart muscle, compromising the ability to pump blood properly), and a history of cardiac arrest. (Dkt. #9 at 99).

The ALJ also considered plaintiff's diagnoses of Type II diabetes, hypertension, high thyroid stimulating hormone ("TSH") levels, gout, degenerative disc disease, and blurred vision, and determined that none of these arose to the level of a severe impairment. (Dkt. #9 at 99-100).

The record also contained treatment records for depression and anxiety. Applying the special technique to plaintiff's mental impairments, the ALJ found that plaintiff has a mild limitation in understanding, remembering and applying information; a mild limitation in interaction with others; a mild limitation in concentration, persistence and pace; and a mild

2

limitation in adapting and managing herself. (Dkt. #9 at 100-101). He accordingly found plaintiff's mental health impairments to be non-severe.

After summarizing the evidence of record, the ALJ determined that plaintiff retains the residual functional capacity ("RFC") to perform sedentary work, with limitations to no more than occasional climbing of ramps and stairs, balancing, kneeling, crouching, and crawling. Plaintiff can never climb ladders, ropes, or scaffolds, and must avoid working around hazards such as unprotected heights, moving mechanical parts, or flammable liquids. Finally, she must avoid concentrated exposure to respiratory irritants including fumes, odors, dusts, and gases. (Dkt. #9 at 103).

When asked at the hearing whether there were jobs in the economy that a person with this RFC could perform, vocational expert Timothy P. Janikowski testified that such an individual could perform plaintiff's past relevant work as an inspector of semiconductor wafers. (Dkt. #9 at 107-108).

The ALJ accordingly found plaintiff not disabled. This appeal followed.

### III.    Plaintiff's Severe Cardiac Impairments

The ALJ's decision made detailed findings with respect to plaintiff's RFC, citing plaintiff's medical records, examination findings, and the opinions of treating, consulting and reviewing physicians.

However, I concur with plaintiff that the record is incomplete with respect to the effect of plaintiff's several cardiac impairments on her exertional capacity, and as such, the matter must be remanded for the purpose of obtaining additional medical opinion evidence specific to that issue.

"Because a hearing on disability benefits is a non-adversarial proceeding, the ALJ generally has an affirmative obligation to develop the administrative record." *Perez v. Chater*, 77

F.3d 41, 47 (2d Cir. 1996). The record in this case contained treatment records and objective testing which established a number of cardiac deficiencies, and the ALJ accordingly determined that plaintiff's coronary artery disease, chronic systolic congestive heart failure, ischemic cardiomyopathy, and history of cardiac arrest, were severe impairments. (Dkt. #9 at 99.) However, the record lacked any medical opinion evidence or objective assessment of the effect of those impairments upon plaintiff's ability to perform exertional tasks. Indeed, the only examining physician to address plaintiff's cardiac impairments, consulting internist Dr. Nikita Dave (Dkt. #9 at 508-513), explicitly stated that she was "unable to comment" on the specific limitations that plaintiff's heart problems might impose, and instead opined that plaintiff "should remain under strict cardiac restrictions [imposed by plaintiff's] surgeon or cardiologist." (Dkt. #9 at 512). Unfortunately, plaintiff's treating cardiologist declined to provide a medical opinion.

Plaintiff's cardiac impairments were the only ones the ALJ found to be severe. The absence of any medical opinion or other comprehensive assessment of the effect of those impairments on plaintiff's RFC created a clear evidentiary gap, and resulted in an RFC finding that was based solely upon the ALJ's layperson interpretation of "raw data" in the record, such as objective measurements of extremity strength, blood pressure measurements, and stress test results. *See Cruver v. Commissioner*, 2020 U.S. Dist. LEXIS 137683 at *4-*5 (W.D.N.Y. 2020) (remand is required where the ALJ "did not rely on any medical opinions" in reaching his highly-specific exertional findings); *Bailey v. Commissioner*, 2020 U.S. Dist. LEXIS 128280 at *19 (W.D.N.Y. 2020) (an ALJ's use of lay judgment to formulate an RFC is reversible error, and requires remand "so that the ALJ can develop the medical record and ground the physical RFC determination in a medical opinion or opinions in the record").

In light of this gap, the ALJ should have attempted to obtain RFC reports from treating sources which specifically assessed plaintiff's limitations relating to her cardiac impairments, and failing that, should have obtained a reliable and "conclusive determination from a medical consultant" who was able to review the record with respect to that issue and perform an in-person evaluation. *Falcon v. Apfel*, 88 F. Supp. 2d 87, 90 (W.D.N.Y. 2000). *See generally* 20 C.F.R. §404.1519a(b)(4)(an ALJ must order a consultative examination when a "conflict, inconsistency, ambiguity or insufficiency in the evidence must be resolved").

Plaintiff also alleges that the ALJ erred in failing to obtain more complete records from the office of her optometrist, which despite a ten-year treatment history, produced just one treatment record and one inscrutable RFC opinion which is almost entirely blank, consists entirely of two circled words without elaboration, and identifies no particular diagnoses or impairments. (Dkt. #9 at 625-30). Plaintiff contends that due to this evidentiary gap, the ALJ's finding that plaintiff's blurry vision was non-severe was not supported by substantial evidence.

The Court concurs. Because the record before the ALJ was insufficient for him to make a well-supported determination concerning the severity and extent of plaintiff's visual limitations (if any), further development of the record with respect to plaintiff's eyesight is also necessary and appropriate. *See Falcon*, 88 F. Supp. 2d 87 at 90; *Bailey*, 2020 U.S. Dist. LEXIS 128280 at *19.

## IV.   Plaintiff's Other Arguments

The Court has considered the remainder of plaintiff's arguments and objections to the ALJ's decision and to the completeness of the record, and finds them to be without merit.

## CONCLUSION

For the foregoing reasons, plaintiff's motion for judgment on the pleadings (Dkt. #14) is granted, and the Commissioner's cross-motion (Dkt. #15) is denied. The Commissioner's decision that plaintiff was not disabled is reversed, and the matter is remanded for further proceedings, for the narrow purpose of gathering and considering additional evidence and medical opinions with respect to plaintiff's cardiac impairments and alleged visual impairment.

Upon remand, the Commissioner is instructed to request missing treatment records and complete RFC reports from plaintiff's treating source(s), and/or to order consultative examinations or medical expert testimony, sufficient to permit the reconsideration of plaintiff's claim in its entirety. Such reconsideration should include reassessment of the severity of plaintiff's alleged visual impairment, and of the limitations imposed by plaintiff's cardiac impairments and visual impairment, if any, upon her ability to perform work-related functions.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       May 9, 2022.